Robert Earl WILLIAMS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09–03–579 CR.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 3, 2005.

Decided March 16, 2005.

Richard Martin P. Canlas, Conroe, for appellant.

Michael A. McDougal, Dist. Atty., Marcia Tillman, Marc Brumberger, Asst. Dist. Attys., Conroe, for state.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Appellant Robert Earl Williams, Jr. was indicted for the offense of aggravated sexual assault, enhanced by prior felony convictions. See Tex. Pen.Code Ann. § 22.021 (Vernon Supp.2005). A jury found Williams guilty. The trial court sentenced Williams to fifty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. Williams asserts the trial court committed reversible error in overruling his objection to the admission of an extraneous offense of robbery and in failing to grant a mistrial after the introduction of the extraneous offense. Finding no error, we affirm.

The seventeen-year-old victim (hereafter, "the teenager") allowed Williams to enter her apartment to use her phone. Williams had been in the teenager's apartment earlier that evening, accompanied by another man with whom the teenager was acquainted. When the teenager asked Williams to get off the phone and leave, he allegedly punched her and sexually assaulted her. After the alleged assault, Williams removed his bloody T-shirt and used a towel to wipe the teenager's bloody face. Williams then allegedly left the apartment with the bloody T-shirt and towel.

Williams's complaint regarding the extraneous offense of robbery centers on the testimony of Letha Stevens, the mother of his six children. Stevens, a resident of the apartment complex where the sexual assault occurred, testified that in the early morning hours on the day of the alleged assault she encountered Williams "sneaking up" in the apartment hallway holding a bloody T-shirt wrapped in a towel.

Q. [State] What was unusual about the way he appeared to you?

A. [Stevens] He had his T-shirt wrapped up in a towel.

Q. Did you notice anything unusual about the T-shirt?

A. It had blood on it.

Q. Did you ask him what it was?

A. Yeah.

Q. And what—

A. Only thing he told me, he told me hurry up and open the door first.

Q. And what did you say?

A. And I said: What happened? He said: Just open the door; hurry up. And when he got in there, he sat on the couch. And I said: What happened? He said he robbed somebody.

Q. How did he appear to you? How did he act to you?

[Defense counsel] Your Honor, I'm going to object.

Williams arrived at Stevens's apartment while the police were at the same apartment complex to investigate the sexual assault. Stevens testified that after Williams entered the apartment, Williams "stayed in the window" and "kept running window to window." Stevens also testified that Williams asked her how many police officers were outside and what they were doing.

Williams's first point of error alleges that the trial court committed reversible error in overruling his objection to the admission of an extraneous robbery. According to Williams, this testimony was introduced as character evidence and the jury would infer that "if he's a robber, he's also an aggravated sexual assaulter." The trial court overruled Williams's objection on the basis there was no evidence that a robbery occurred.

■ This Court reviews the trial court's decision to admit the contested testimony under an abuse of discretion standard. *Powell v. State*, 63 S.W.3d 435, 438 (Tex.Crim.App.2001). We will uphold the trial court's decision if it is "within the zone of reasonable disagreement." *Id.* The trial court's evidentiary ruling must be upheld if it is "reasonably supported by the record and is correct under any applicable theory of law ... [and] even when the trial court gives the wrong reason for its decision." *Carter v. State*, 145 S.W.3d 702, 707 (Tex.App.-Dallas 2004, no pet. h.) (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990)). Therefore, we must determine whether or not the testimony about the robbery was admissible regardless of the trial court's stated basis in admitting the statement into evidence.

■ Texas Rule of Evidence Rule 404(b) does not allow the admission of evidence of other crimes or acts to show "the character of a person in order to show action in conformity therewith." Tex. R.Evid. 404(b). "An extraneous offense is any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers." *Manning v. State*, 114 S.W.3d 922, 926 (Tex.Crim.App.2003) (citing *Rankin v. State*, 953 S.W.2d 740, 741 (Tex.Crim.App.1996)). Williams asserts that his "confession" to the robbery constitutes evidence of an extraneous offense.

■ An extraneous offense requires extraneous conduct. See *Moreno v. State*, 858 S.W.2d 453, 463 (Tex.Crim.App.1993). "If the challenged evidence does not show that an offense was committed ..., then it is not evidence of an extraneous offense." *Mayo v. State*, 17 S.W.3d 291, 299 (Tex. App.-Fort Worth 2000, pet. ref'd). The State, without citation to authority, argues that because the statement was offered to show concealment of Williams's true crime, sexual assault, it was not offered to prove that a robbery had occurred.

■ Even if the statement somehow suggests evidence of another wrong or crime under Rule 404(b), there are exceptions to Rule 404(b)'s general prohibition against evidence of other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts that occur in the same criminal transaction may be admissible despite the general prohibition of Rule 404(b) where several crimes are blended or intermixed, or so connected that they form an indivisible criminal transaction, and where "full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others." See *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim.App.1993); see also *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex.Crim.App.2000).

In evaluating whether Stevens's testimony that Williams said he committed a robbery is admissible as same transaction contextual evidence, we apply a two-step process. *Rogers*, 853 S.W.2d at 32 (citing *Mayes v. State*, 816 S.W.2d 79, 84–87 (Tex. Crim.App.1991)). First, we must decide if the testimony is relevant under Texas Rules of Evidence 401. *Rogers*, 853 S.W.2d at 32. Rule 401 provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence." Tex.R. Evid. 401.

The events of the early morning hours following the assault are part of a continuum; one event flows from another. Stevens's testimony that when she saw Williams, he had in his possession a bloody T-shirt wrapped in the towel is circumstantial evidence relevant to the element of identity. This evidence, coupled with the teenager's testimony that the perpetrator left her apartment with a bloody T-shirt and towel helped establish that the person seen shortly afterwards, in the same apartment complex, was probably the perpetrator of the crime. In other words, the probability that Williams committed the sexual assault was greater because he was found in possession of a bloody T-shirt and a stolen towel shortly after the crime. Stevens's testimony that Williams said "[h]e robbed somebody" was relevant in the context it was offered in this trial to assist the jury in identifying Williams as the perpetrator.

■ Same transaction contextual evidence is admissible not because of its evidentiary value but because it would be impracticable to avoid describing one act without also describing the other. *Rogers,* 853 S.W.2d at 33. After Williams left the teenager's apartment, he went to Stevens's apartment to hide. When Stevens questioned Williams at the door to her apartment, he requested that she hurry to open the door and let him inside. Stevens was not an eyewitness to the assault, but it is apparent from the record that Williams sought to use her apartment to hide while the police were present at the apartment complex.

■ Conduct relevant to the jury's understanding of how a perpetrator attempts to avoid detection has been allowed as same transaction contextual evidence. See *Prible v. State,* No. AP–74487, 2005 WL 156555, at *6, —— S.W.3d ——, —— (Tex. Crim.App. Jan. 26, 2005) (opinion not yet released for publication). We agree that evidence regarding a perpetrator's efforts to escape detection may be evaluated as part of the same transaction, and may be necessary to aid the jury's understanding of the crime. Williams's response to Stevens's question about the blood on the T-shirt provided him an excuse to remain in Stevens's apartment and thereby avoid detection on the night of the sexual assault. Williams's statement about robbing someone was part of a continuum of activity beginning with his presence in the teenager's apartment. The evidence about how Williams was able to avoid detection was intricately intertwined with the sexual assault. Not allowing the testimony in this case would have created a situation where Stevens's question about the blood on the T-shirt was left unanswered, despite the fact that Williams apparently offered an explanation.

Under the facts of this case, we hold that Williams's statement regarding the robbery was necessary to aid the jury in establishing the identity of the perpetrator, and to aid the jury's understanding of how Williams avoided detection on the night of the crime. Because the evidence regarding Williams's statement was both relevant and necessary, we hold that it would not have been error for the trial court to admit the evidence as same transaction contextual evidence.

■ Williams also contends that it was improper to admit the extraneous robbery offense under Rule 404(b) because the State failed to notify him of its intent to introduce the robbery at trial. Because the evidence to which Williams objects is same transaction contextual evidence under Rule 404(b), notice was not required. See Tex.R. Evid. 404(b). Williams also

failed to preserve this error for appeal by failing to raise the issue at trial. See Tex.R.App. P. 33.1(a).

Williams further argues that the admission of his statement about a robbery was irrelevant and highly prejudicial. Relevant evidence tends to make a consequential fact more or less probable than it would be without the evidence. Tex.R. Evid. 401. As previously discussed, Stevens's testimony is relevant because it helps identify Williams as the perpetrator. As to Williams's argument that the robbery evidence was highly prejudicial, we need not engage in a Rule 403 analysis because no timely Rule 403 objection was made by Williams's trial attorney. Tex.R. Evid. 403; Tex.R.App. P. 33.1(a); *Rankin v. State,* 974 S.W.2d 707, 710–11 (Tex. Crim.App.1996) (citing *Montgomery v. State,* 810 S.W.2d 372, 388 (Tex.Crim.App. 1991)). Williams's sole objection when this testimony came into evidence was a Rule 404(b) objection that the robbery was an extraneous offense. Williams's complaint regarding the prejudicial nature of the robbery evidence was not preserved.

Williams's second point of error contends that the trial court committed reversible error in failing to grant a mistrial. "Mistrial is appropriate for only 'highly prejudicial and incurable errors.' It may be used to end trial proceedings when faced with error so prejudicial that expenditure of further time and expense would be wasteful and futile." *Simpson v. State,* 119 S.W.3d 262, 272 (Tex.Crim.App.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 2837, 159 L.Ed.2d 270, 72 U.S.L.W. 3749 (2004).

Because it was not error to admit the testimony regarding Williams's statement about the robbery, it follows that there was no error in denying the request for mistrial. Issue two is overruled, and the conviction is affirmed.

AFFIRMED.