IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,525






EX PARTE ROBERT EARL WILLIAMS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 03-08-0604-CR IN THE 221
ST JUDICIAL DISTRICT COURT


FROM MONTGOMERY COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to fifty-five (55) years' imprisonment. The Ninth Court of Appeals affirmed
his conviction. Williams v. State, 161 S.W.3d 680 (Tex. App. - Beaumont 2005), no pet. 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to notify Applicant of his right to file a pro se petition for discretionary review. Additionally,
Applicant contends that he informed counsel that he wanted to file a petition for discretionary review
and that he believed that counsel had filed a petition until several months after the filing deadline,
when he received notice that counsel had withdrawn from representation. Applicant has attached
to his application a copy of the letter he received from counsel notifying him that his appeal had been
affirmed and advising him to contact counsel immediately if he wanted to file a petition for
discretionary review.

 Appellate counsel filed two affidavits with the trial court. Based on those affidavits, the trial
court entered findings of fact and conclusions of law that appellate counsel does not recall whether
Applicant asked him to represent him in filing a petition for discretionary review, but that if
Applicant did so, counsel would have filed the petition or informed Applicant that there was no valid
issue to pursue. The trial court further finds that Applicant has failed to plead or prove that he had
any non-frivolous issue to pursue in a petition for discretionary review. The trial court recommends
that relief be denied. However, counsel's affidavits do not address the question of whether Applicant
was notified of his right to file a pro se petition for discretionary review, and Applicant is not
required to plead or prove that he has a non-frivolous issue to pursue in order to obtain relief. Ex
parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled
to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Ninth
Court of Appeals in Cause No. 09-03-00579-CR that affirmed his conviction in Case No. 03-08-06040-CR from the 221st Judicial District Court of Montgomery County, Texas. Applicant shall
file his petition for discretionary review with the Ninth Court of Appeals within 30 days of the date
on which this Court's mandate issues.


Delivered: October 18, 2006

Do not publish